UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | | |
|---|---|---|
| EVARISTUS MACKEY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 12-CV-77-KSF |
| | ) | |
| V. | ) | |
| | ) | |
| D. BERKEBILE, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Evaristus Mackey is an inmate confined at the United States Penitentiary - Big Sandy in Inez, Kentucky. Proceeding without counsel, Mackey has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] The Court has reviewed the petition,[1] but must deny it because Mackey cannot pursue his claims in a habeas proceeding under § 2241.

## BACKGROUND

In 2000, a federal grand jury in Louisiana indicted Mackey for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the government notified Mackey of its intention to seek an enhancement to his sentence pursuant to 18 U.S.C. § 924(e) for being an armed

---

[1] The court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the court reviews the petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the court accepts Mackey's factual allegations as true and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

career criminal. A jury convicted Mackey of three § 922(g) firearm offenses, the sentencing court enhanced his sentence under § 924(e), and Mackey received a 327-month sentence, which he is currently serving. *United States v. Mackey*, No. CRIM. A. 00-316 (E. D. La. 2000). The Fifth Circuit affirmed the conviction and denied Mackey's petition for rehearing.

Mackey filed a motion to vacate his sentence under 28 U.S.C. § 2255, asserting numerous challenges to his conviction, including but not limited to, claims that 18 U.S.C. § 922(g) was unconstitutional because it violated the Commerce Clause, and that three counts of being a felon in possession of firearms violated the Double Jeopardy Clause. The sentencing court rejected all of his claims and denied his § 2255 motion, *United States v. Mackey*, 299 F. Supp. 2d 636 (E.D. La. 2004), and later denied his request for a certificate of appealability. Mackey appealed, but in May 2004, the Fifth Circuit dismissed his appeal for want of prosecution, failure to timely pay docketing fee, and failure to file a motion for certificate of appealability and brief in support. In 2007, the sentencing court denied Mackey's 18 U.S.C. § 3582(c) motion seeking re-sentencing and his motion to dismiss indictment. *United States v. Mackey*, No. 00-316, 2007 WL 1063291 (E.D. La. April 2, 2007).

Mackey has since attempted to collaterally challenge his sentence by filing three other petitions for writ of habeas corpus under 28 U.S.C. § 2241; two in a Pennsylvania federal court and one in this Court. In his first § 2241 petition, Mackey claimed that mistakes in the presentence investigation report resulted in an excessive sentence and an inappropriate prisoner classification, and that he was entitled to a new sentence in light of recent Supreme Court decisions. The court dismissed that § 2241 petition because Mackey did not demonstrate that his remedy under § 2255 had been inadequate to challenge his sentence, and because the cases which Mackey cited, while

rendered subsequent to his conviction, were not retroactively applicable to cases on collateral review. *Mackey v. Smith*, No. 3:CV051087, 2005 WL 1413241, at *2 (M.D. Pa. June 16, 2005).

In his second § 2241 petition, Mackey alleged that federal authorities could not lawfully charge, arrest or convict him. The district court dismissed that petition for lack of jurisdiction, again concluding that Mackey had not demonstrated that his remedy under § 2255 had been an inadequate or ineffective means of challenging his conviction and sentence. The court observed that Mackey "seeks habeas relief simply because he was displeased by the fact of his conviction. Such a claim is plainly inadequate as an excuse for foregoing the proper course of litigating collateral challenges to a petitioner's federal conviction." *Mackey v. Holder*, No. 3:CV-10-2326, 2011 WL 332491, at *3 (M. D. Pa. Jan. 31, 2011).

On January 25, 2012, Mackey filed his third § 2241 petition. *Mackey v. Berkebile*, No. 7:12-CV-10-KSF (E.D. Ky. 2012). Mackey again challenged his conviction and sentence, alleging that (1) the indictment was defective because it did not give sufficient notice of the government's intention to charge him as an armed career criminal; (2) the prior crimes upon which his sentence was enhanced under § 924(e) did not constitute predicate offenses and therefore he was actually innocent of being an armed career criminal; (3) he was entitled to relief from his sentence under *Sawyer v. Whitley*, 505 U.S. 333 (1992); (4) the Tenth Amendment of the United States Constitution vested the State of Louisiana with exclusive jurisdiction to prosecute him for firearm offenses and therefore federal officials lacked jurisdiction to prosecute him under § 922(g); and (5) federal authorities breached a plea agreement that he had reached with state authorities concerning his possession of a firearm while being a felon. [R. 1 therein, pp. 4-6, 8, 14, and 15; pp. 17-44]

On September 25, 2012, the Court dismissed that petition, finding that because Mackey could have asserted his claims in his § 2255 motion but did not do so, his remedy under § 2255 had not

been inadequate or ineffective to challenge his detention. [R. 11 therein, pp. 4-5] The Court further determined that Mackey could not challenge his career criminal enhancement under § 2241. [*Id.*, pp. 5-6] Finally, the Court concluded that because *Sawyer* applied only to petitioners facing the death penalty, it did not support Mackey's claims. [*Id.*, therein, pp. 6-7]

In his current § 2241 petition, Mackey broadly alleges that his remedy under § 2255 provided an inadequate means to challenge his detention. The basis of Mackey's claims are unclear, as he repeatedly referred to himself as being a "Secured Party/Creditor" [R. 1-1, throughout] and used numerous other commercial terms to describe his claims. Broadly construing Mackey's memorandum, however, it appears that he is claiming that his conviction and sentence were obtained without due process of law; that federal authorities lacked jurisdiction to prosecute him; that the indictment charging him with committing federal offenses was defective; and that the federal court lacked authority to sentence him to a prison term.

**DISCUSSION**

Mackey is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir.1999). Because Mackey alleges that federal authorities lacked jurisdiction to prosecute him and that he was improperly sentenced, he is therefore challenging the validity of his underlying conviction and sentence, but § 2241 is not the mechanism for asserting such challenges. Section 2255(a) provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 2010 WL at 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

However, § 2255(e) permits a prisoner to challenge a conviction or sentence in a habeas petition filed pursuant to § 2241 if the remedy provided by § 2255(a) is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004). Review under § 2241 is not available "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." 28 U.S.C. § 2255(e). The petitioner must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Mackey cannot make that showing because the facts underlying his construed claims either were, or should have been, known to him when he filed his § 2255 motion in the sentencing court. He could have asserted his current jurisdictional challenges during the trial, at sentencing, on appeal, or in his § 2255 motion, but did not do so. The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-758; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, 2012 WL 11135 at *2 (N.D. Ohio Jan. 3, 2012). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. Mackey has not established that as to any of his construed claims, his § 2255 remedy was inadequate or ineffective to challenge his conviction and sentence.

The only other means of pursuing a claim of actual innocence through the savings clause of § 2255 is to allege a new rule of law made retroactive by a Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516 U.S. 137(1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). Mackey does not

allege that he was convicted of conduct that the law no longer makes criminal in light of a Supreme Court decision rendered after his direct appeal or first collateral attack on his conviction.

In summary, Mackey has not established a claim of actual innocence cognizable in a habeas corpus proceeding under § 2241.  *Bousley v. United States*, 523 U.S. 614, 620 (1998); *Charles*, 180 F.3d at 757; *see also*, *Reminsky v. United States*, 2012 WL 1669951 at *3 (N.D. Ohio Feb. 24, 2012) (petitioner cited no retroactively applicable Supreme Court decision overturning circuit precedent which would indicate that his sentence suffered from a "fundamental defect").  Mackey may not pursue his claims in a § 2241 habeas corpus proceeding, and his petition will be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Evaristus Mackey's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This October 31, 2012.



Signed By:
<u>Karl S. Forester</u>  KSF
**United States Senior Judge**